(Not for publication)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____ :
BMG MUSIC, et al.,               :
                                 :
            Plaintiffs,          :     Civil No. 06-1251 (RBK)
                                 :
            v.                   :     **OPINION**
                                 :
QUINZELL CHAMPAGNE,              :
                                 :
            Defendant.           :
_____ :

**KUGLER**, United States District Judge:

This matter comes before the Court upon motion by plaintiffs BMG Music, UMG Recordings, Inc., and Motown Record Company, L.P. ("Plaintiffs") for entry of a default judgment against Defendant Quinzell Champagne ("Defendant"), pursuant to Federal Rule of Civil Procedure 55(b)(2), for failure to appear, answer, or otherwise defend in this matter. For the reasons set forth below, the Court will grant Plaintiffs' motion.

## I. BACKGROUND

Plaintiffs state that they are "the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings ("the Copyrighted

1

Recordings")."  (Compl. ¶ 9.)  Plaintiffs assert that Defendant willfully and intentionally, and without Plaintiffs' permission or consent, "has used and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others." (Compl. ¶ 11, 13.)  Specifically, Plaintiffs claim that Defendant has infringed upon the copyrights for five musical works.  These works include "I'd Rather" by Luther Vandross, "My First Love" by Avant, "Angel" by Dru Hill, "Young Love" by Teena Marie, and "Halfcrazy" by Musiq.  (Compl. Ex. A.)  Accordingly, Plaintiffs claim that Defendant has violated the copyright laws of the United States, 17 U.S.C. § 101 et seq.

The Complaint was filed with this Court on March 17, 2006, and Plaintiff was served with process on April 8, 2006, by substitute service.  Pursuant to Plaintiffs' request, the Clerk of the Court entered Default against Defendant on June 8, 2006. Plaintiffs filed a notice of entry of default the next day.  On June 16, 2006, Plaintiffs filed this motion for default judgment.

Plaintiffs seek judgment including statutory damages pursuant to 17 U.S.C. § 504, of $750.00 for each of Defendant's five infringements, for a total of $3750.00.  Plaintiffs further seek an injunction pursuant to § 502, and costs in the amount of

$320.00 pursuant to § 505.

## II.   STANDARD FOR DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . , the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted).

Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed. 1998)). Consequently, before granting

3

a default judgment, the Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Asher, 2006 WL 680533, at *1 (citing Wright, Miller, & Kane, § 2688, at 63); Directv, Inc. v. Croce, 332 F. Supp. 2d 715, 717 (D.N.J. 2004)).

## III.  ANALYSIS

A "legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it."  17 U.S.C. § 501(b).  When presiding over such an action, a district court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  An owner may also seek either actual damages, or, alternatively, "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just."  17 U.S.C. § 504(c)(1).  Finally, "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided

4

by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505.

A.   Cause of Action and Emcasco Factors

Before awarding a default judgment, the Court must determine whether the moving party's complaint establishes a legitimate cause of action. Asher, 2006 WL 680533, at *1 (citing Wright, Miller, & Kane, § 2688, at 63); Directv, Inc. v. Croce, 332 F. Supp. 2d 715, 717 (D.N.J. 2004)). In this instance, Plaintiffs allege that "Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings (the "Copyrighted Recordings") (Compl. ¶ 9,) and that Defendant "has used and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others." (Compl. ¶ 11.)

Accepting these allegations as true, the Court finds that Defendant has indeed infringed upon copyrights held by Plaintiffs and asserted a cause of action under 17 U.S.C. § 501.  See In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003),

<u>cert.</u> <u>denied</u> <u>sub</u> <u>nom</u> <u>Deep v. Recording Indus. Ass'n of Am., Inc.</u>, 540 U.S. 1107 (2004) ("If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright. The swappers, who are ignorant or more commonly disdainful of copyright and in any event discount the likelihood of being sued or prosecuted for copyright infringement, are the direct infringers."); <u>see</u> <u>also</u> <u>A&M Records v. Napster, Inc.</u>, 239 F.3d 1004, 1014 (9th Cir. 2001). Plaintiffs' Complaint has, therefore, set forth a claim upon which relief may be granted.

Before entering a default judgment, however, the Court must also consider three factors: (1) whether the plaintiffs will be prejudiced if default is not granted, (2) whether the defendant has a meritorious defense, and (3) whether the defendant's delay was the result of culpable misconduct. <u>Carpenters Health & Welfare Fund v. Naglak Design</u>, 1995 WL 20848, *2 (E.D. Pa. 1995) (citing <u>Emcasco Ins. Co. v. Sambrick</u>, 834 F.2d 71, 73 (3d Cir. 1987)).

Although these factors are typically more pertinent where the entry of default is contested, the factors clearly weigh in Plaintiffs' favor in this instance.  Because Defendant has not filed any responsive pleadings or otherwise shown cause why default should not be granted, the Court is "not in a position to judge whether the Defendant has a meritorious defense or whether

any delay was the result of culpable misconduct." Id.  Moreover,
Defendant's failure to appear has deprived Plaintiffs of any
other "means of vindicating [their] claim," and Plaintiffs will
be prejudiced if the default is not granted. See Asher, 2006 WL
680533, *2 (granting default judgment where defendant "has not
responded in any fashion," "has not asserted any meritorious
defense," and has not "offered any excusable reason for his
default").  Accordingly, Plaintiffs are entitled to a default
judgment for Defendant's failure to appear in this action.


    B.   <u>Statutory Damages</u>

    In lieu of obtaining actual damages under 17 U.S.C. §
504(b), Plaintiffs are entitled to instead request statutory
damages under § 504(c) of no less than $750.00 and no more than
$30,000.00 for each work infringed.  Whether this Court awards
damages at the higher or lower end of this range "depends largely
upon whether a defendant's infringement was wilful, knowing, or
merely innocent." <u>Broadcast Music v. 84-88 Broadway</u>, 942 F. Supp.
225, 232 (D.N.J. 1996) (quotation omitted).  As Plaintiffs
request only $750.00 for each of the five infringements, the
lowest amount available under § 504(c)(1), the Court need not
make such a determination in order to find this amount to be
just, and therefore need not conduct an evidentiary hearing.
Accordingly, Defendant will be ordered to pay Plaintiffs damages

in the amount of $3,750.00.


    C.   <u>Attorney's Fees and Costs</u>

    Plaintiffs request costs in the amount of $320.00; they do
not request attorney's fees.  In support of this request,
Plaintiffs assert that "they have incurred costs in this case in
the amount of $320.00."  (Pls.'s Br. Confoy Decl. ¶ 6).  On
December 11, 2006, this Court ordered Plaintiffs to submit an
itemized list of these costs no later than December 22, 2006.  As
Plaintiffs have failed to comply with this Order and this Court
subsequently lacks any basis to determine the basis for these
costs, this Court will decline to award the requested costs to
Plaintiffs.


    D.   <u>Injunction</u>

    Finally, Plaintiffs seek an injunction against Defendant.
Generally, to obtain a permanent injunction, a plaintiff must
show that (1) the Court's exercise of equity jurisdiction is
proper, (2) the Plaintiff has succeeded on the merits, and (3)
the balance of equities tips in favor of injunctive relief. <u>TKR
Cable Co. v. Cable City Corp.</u>, No. 96-CV-2877, 1998 WL 34028782,
*5 (D.N.J. Jan. 27, 1998) (citing <u>Roe v. Operation Rescue</u>, 919
F.2d 857, 868 n.8 (3d Cir. 1990)).  The first factor contains
three sub-parts which require the plaintiff to show (1) plaintiff

has no adequate legal remedy; (2) the threatened injury is real, not imagined; and (3) no equitable defenses exist. Id. at *5. Where Congress has provided for injunctive relief in a statute such as § 502, however, courts often forego weighing the traditional equitable considerations. See Burlington N.R.R. Co. v. Dep't of Revenue, 934 F.2d 1064, 1074-75 (9th Cir. 1991); TKR Cable Co. v. Cable City Corp., 1996 WL 465508, at *10 (D.N.J. Jul. 29, 1996), vacated in part on other grounds, 267 F.3d 196 (3d Cir. 2001); Time Warner Cable of New York City v. Freedom Elec., 897 F. Supp. 1454, 1460 (S.D. Fla. 1995); Sec. Ind. Ass'n v. Bd. of Governors of Fed. Reserve Sys., 628 F. Supp. 1438 (D.D.C. 1986).

In any event, consideration of the equitable principles in this instance weighs in favor of granting Plaintiffs the requested injunctive relief. The threatened injury is clearly established and legitimate, since Defendant's actions have left these copyrighted works vulnerable to widespread infringement. Moreover, "[i]n a copyright action the existence of irreparable injury is presumed upon a showing of a prima facie case of copyright infringement." Video Trip Corp. v. Lightning Video, Inc., 866 F.2d 50, 51-52 (2d Cir. 1989). Because Defendant has not appeared in this matter, he has not raised any equitable defenses, and there is no indication that any such defenses exist. Accordingly, this Court's exercise of equity jurisdiction

9

is proper and the first factor weighs in favor of granting the final injunction.

Second, as noted above, the unchallenged facts of this case demonstrate that Defendant infringed upon copyrights held by Plaintiffs.  Plaintiffs have established a valid cause of action against Defendant sufficient to warrant entry of a default judgment and have therefore succeeded on the merits.

Finally, the balance of equities weighs in favor of granting injunctive relief. Defendant's alleged misconduct clearly infringes upon Plaintiffs' copyrights.  Permitting individuals like Defendant to violate the law without punishment would diminish one's incentive to produce such musical works for the benefit of the public at large.  Therefore, because Defendant's illegal conduct does not serve a legitimate purpose and actively harms both Plaintiffs and the public interest, the balance of equities weighs strongly in favor of granting injunctive relief.

Accordingly, the Court will grant Plaintiffs' request to enjoin Defendant from infringing upon copyrights held by Plaintiffs.

## IV.  CONCLUSION

For the foregoing reasons, the Court will enter default judgment against Defendant in the amount of $3,750.00.  The Court will also enjoin Defendant from infringing upon copyrights held

by Plaintiffs.  The Court will deny Plaintiffs' request for $320.00 in costs.  The accompanying Order shall issue today.


Dated: December 29, 2006                    s/ Robert B. Kugler
                                            ROBERT B. KUGLER
                                            United States District Judge

11